

IT IS SO ORDERED.
Signed July 11, 2014

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 09-55986-ASW |
| PAUL FAIRFAX SOARES, | Chapter 7 |
| Debtor. | |
| SALINAS VALLEY ROOFING, INC., ADOLFO I. RANGEL, | Adv. Proc. No. 09-05296-ASW |
| Plaintiffs, | |
| v. | |
| PAUL F. SOARES, | |
| Defendant. | |

**MEMORANDUM DECISION RE: DEFENDANT'S MOTIONS**

Before the Court are seven motions filed by Defendant Paul Soares, who appears in pro per. Defendant has filed four motions in limine (docket nos. 282, 287, 301, and 306), a motion to redact (docket no. 291), a motion to dismiss (docket no. 264), and a motion for declaratory relief (docket no. 297). Plaintiffs, who are represented by attorney David Hollingsworth, oppose the motions.

This matter was set for trial beginning the week of April 7, 2014. Any motions in limine should have been filed prior to that date. The trial date was continued to accommodate Plaintiffs' counsel, who was unable to attend trial due to illness, not to permit the filing of additional motions. Three of the motions in limine were filed after that date: (1) Docket no. 287, filed April 11, 2014, which is a duplicate of docket no. 282; (2) Docket no. 301, filed April 24, 2014; and Docket no. 306, filed April 28, 2014. All three of these motions are denied as untimely.

One motion in limine (docket no. 282) was filed on the trial date of April 7, 2014. The Court will treat this motion as timely filed. The motion seeks to exclude evidence pertaining to any felony pleadings or convictions of Defendant on grounds of lack of probative value and prejudice to Defendant. There is no *per se* rule prohibiting the admission of such evidence in a civil proceeding, *see* Fed. R. Evid. 609, and the Court cannot weigh the probative value or prejudice based on the current record. The Court will deny the motion without prejudice to any objections to be raised at trial.

Turning to the Motion to Dismiss, Defendant moves for dismissal on three grounds: (1) the issue preclusive effect of a state court finding; (2) statute of limitations; and (3) Plaintiffs' failure to hold a discovery conference.

**1. Issue preclusion:** Defendant argues that the case should be dismissed on grounds of issue preclusion because of (1) a finding made by the state court in the underlying litigation with Salinas Valley Roofing: "the court does not find bad faith on the part of any party"; (2) a stipulation, read into the record by Defendant's

attorney in the state court matter that "no party will cause, undertake or engage in any secondary litigation against any other party or counsel in this case arising from this lawsuit or the facts or events involved in this lawsuit"; (3) allegations of sham corporations were made in the state court litigation and were settled and barred from being re-litigated; and (4) a response to interrogatories from the District Court Case in which someone named Jeffrey Lorono states that he did not ask for financial statements or rely on any "financial standing," and made no effort to research nor rely on the financial condition of Soares or any of the corporations.

The Court notes that the documents attached to Defendant's motion are not authenticated and are therefore inadmissible. However, even if the Court considers those documents, the Court will not apply issue preclusion.

This Court applies California law in determining the issue preclusive effect of a state court judgment. In re Bugna, 33 F.3d 1054, 1057 (9th Cir. 1994). Under California law, the party seeking to apply issue preclusion must show that:

(1) the issue decided in the prior action is identical to the issue presented in the second action;

(2) there was a final judgment on the merits; and

(3) the party against whom estoppel is asserted was a party to the prior adjudication. Id.

Even where the elements of issue preclusion are met, the court has the discretion to decline to apply the doctrine. In re Lopez, 367 B.R. 99, 107-08 (9th Cir. BAP 2007).

There are several problems with applying issue preclusion as urged by Defendant. First, there can be no issue preclusion with respect to Plaintiff Rangel, who was not a party to the state court action. Secondly, Defendant has not demonstrated, and the Court cannot discern from the pleadings, whether the issues are identical. The instant case appears to be an attempt to enforce the settlement agreement itself and not a relitigation of the issues in the state court proceeding. Finally, the state court litigation was terminated via a settlement agreement. A stipulated judgment may be treated as a "final judgment" for purposes of issue or claim preclusion. See <u>Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n</u>, 60 Cal. App. 4th 1053, 1065 (1998). Here, the only evidence provided is a settlement agreement, which contains no admissions of liability or any factual findings that would warrant being entitled to preclusive effect. No stipulated judgment has been provided. For all of these reasons, the Court declines to apply issue preclusion.

At oral argument, Defendant cited <u>In re Diamond</u>, 285 F.3d 822 (9th Cir. 2002), in support of the application of issue preclusion. In that case, the Court of Appeals affirmed the bankruptcy court's grant of summary judgment to plaintiff on plaintiff's claims under § 523(a)(2) and (a)(6) based on the issue preclusive effect of a Washington state court fraud judgment. <u>Diamond</u> does not change the analysis. In <u>Diamond</u>, unlike this case, it was clear from the record that the issues decided by the state court were identical to those sought to be given preclusive effect by plaintiff. <u>Id.</u> at 827-28.

Defendant also contends that the claims under 11 USC §§ 727 and 548 and 28 USC § 2201 (for declaratory relief) are time-barred. This argument seems to rest on two theories – first, that the referenced claims were not listed on the adversary cover sheet, and that the allegations that would support those claims were not timely added to the SAC. The cover sheet for the adversary proceeding is a procedural requirement and does not control whether a complaint was timely filed. Cf. In re Goscicki, 207 B.R. 893, 896 (9th Cir. BAP 1997) (cover sheet does not operate as a complaint). Further, the deadline for filing 727 claims was December 19, 2011, and the First Amended Complaint, which contained a 727 claim, was filed on March 1, 2011. The section 548 claim appears to be part of the 727 claim. The original complaint asked for declaratory relief. Therefore, the claims were timely pleaded.

Finally, Defendant suggests that the case should be dismissed under Fed. R. Civ. P. 41(b) for Plaintiffs' failure to hold a discovery conference as required by Fed. R. Civ. P. 26. Defendant argues that Plaintiff failed to comply with this Court's order to hold a discovery conference and that the Court did not provide for a waiver of the discovery conference. The order referenced by Defendant was issued on November 5, 2009, and the time for raising this argument is long past. Defendant has raised this issue previously. At the case management conference held on January 10, 2014, the Court told the parties that if either side wanted more time to conduct discovery they should promptly file a motion to extend. No such motion was filed by any party.

Additionally, as pointed out by Plaintiffs, they presented their evidence in connection with their motion for summary judgment

5

filed in May 2011, so it is doubtful that Defendant can show any prejudice. Even if the Court were inclined to sanction Plaintiffs' counsel for failure to comply with Rule 26, the Court would not impose the draconian sanction of dismissal.

For all of these reasons, the motion to dismiss is denied.

Turning to Defendant's Motion For Order To Redact And Strike, Defendant moves for an order requiring Plaintiff to redact the full social security numbers from documents filed in this case, specifically, AP docket #1, page 13; and main case docket #68, page 13. The referenced pages include Mr. Soares' full social security number. Fed. R. Bankr. P. 9037 excepts from the redaction requirement "the official record of a state-court proceeding." FRBP 9037(b)(3). This exception would appear to cover the referenced documents, and it is not clear why Defendant waited nearly four years to raise the objection. However, Plaintiffs have no objection to redacting those documents. Therefore, the Court will grant this motion. Plaintiffs should file redacted copies of those documents in accordance with Fed. R. Bankr. P. 9037.

The last motion to be considered is Defendant's Motion for Declaratory Relief re: Settlement Offer. Defendant asks the Court to review the settlement offer and chapter 11 plan proposed by Defendant (which are included as one of the exhibits for trial) to determine whether Plaintiffs lost their right to claim any fees and costs before they filed the complaint. Defendant argues that he made an offer of 100% payoff of Plaintiffs' claims in connection with Defendant's proposed chapter 11 plan, but that the offer was rejected by Plaintiffs, and therefore Plaintiffs lost their right to claim fees. Defendant cites Fed. R. Civ. P. 68, but it is not

clear exactly what Defendant's theory is - Defendant seems to be relying on subsection (d), which provides that if the offeree (here, Plaintiffs) obtains a judgment less favorable than the offer, the offeree must pay costs incurred after the offer was made. However, no judgment has been entered in this case. Further, this motion was filed on April 23, 2014 and is thus untimely. The motion is denied.

    Counsel for Plaintiffs may submit proposed forms of orders on all of the motions discussed above.

**\*\*\*END OF MEMORANDUM DECISION\*\*\***

```
 1                    Court Service List
 2
     Paul F. Soares
 3   2885 Sanford Avenue SW, #21422
     Grandville, MI 49418
 4

 5   David M. Hollingsworth, counsel for Plaintiffs
     (To be served electronically)
 6
```